ACCEPTED
12-15-00008-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/25/2015 10:29:02 AM
CATHY LUSK
CLERK

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

2/25/2015 10:29:02 AM

CATHY S. LUSK
Clerk

CASE NO. 12-15-00008-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

JEANNIE MILES, Appellant

Vs.

THE STATE OF TEXAS, Appellee

On Appeal from the

369TH Judicial District Court,
Anderson County, Texas

(Trial Court No.28114)

Honorable BASCOM W. BENTLEY III

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

## PARTIES

*JEANNIE MILES, APPELLANT*

*Mark W. Cargill*
*Attorney for Defendant/Appellant*
*701 N. Elm*
*Palestine, Texas 75801*

*Allyson A. Mitchell*
*District Attorney*
*500 N. Church Street*
*Palestine, Texas 75801*

## TABLE OF CONTENTS

**Page**

Table of Contents................................................................................................. 3

Index of Authorities........................................................................................... 4

Statement of the Case........................................................................................ 5

Point of Error Number One............................................................................... 6

Statement of Facts.............................................................................................. 6

Point of Error Number One Restated............................................................... 6

Summary of Argument (Point of Error Number One)..................................... 6

Argument ............................................................................................................ 6

Prayer................................................................................................................... 9

Certificate of Service.......................................................................................... 10

# INDEX OF AUTHORITIES

## CONSTITUTIONS

*U.S. CONST. amend VIII*................................................................................ 6
*TEX. CONST. art. I sec. 13* ...................................................................... 6

## STATUTES

*Tex. Pen. Code Ann. Sec. 12.34*........................................................... 8

## CASES

### *Federal*

*Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680,*
*115 L. Ed. 2d 836 (1991)*        7

*McGruder v. Puckett, 954 F. 2d 313 (5th Cir.), cert. denied, 506 U.S. 849,*
*113 S. Ct. 146, 121 L. Ed. 2d 98 (1992)*        7

*Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)*    7

### *State*

*Davis v. State, 905 S.W. 2d 664 (Tex. App – Texarkana 1995, pet. ref'd)*    7

*Dunn vs. State, 997 S.W. 2d 885 (Tex. App. – Waco 1999, pet. ref'd)*    7

*Hernandez v. State, 10 S. W. 3d 812 (Tex. App. – Beaumont 2000, pet. ref'd)*    7

*Hicks v. State, 15 S.W. 3d 626 (Tex. App. – Houston [14th dist. ] 2000,*
*pet ref'd)*        7

*Jackson v. State, 989 S.W. 2d 842 (Tex. App. – Texarkana 1999, no pet.)*    8

*Lackey v. State, 881 S.W. 2d 418 (Tex. App. – Dallas 1994, pet ref'd)*    8

*Matthews v. State, 918 S.W. 2d 666 (Tex. App. – Beaumont 1996, pet ref'd)*    8

*Puga v. State, 916 S.W. 2d 547 (Tex. App. – San Antonio 1996, no pet.)*    7

*Simmons v. State, 994 S.W. 2d 11 (Tex. App. – Tyler 1996, pet. ref'd)*    7

*Sulivan v. State, 975 S.W.2d 755 (Tex. App. – Corpus Christi 1998, no pet.)*    7

CASE NO. 12-15-00008-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

JEANNIE MILES, Appellant

Vs.

THE STATE OF TEXAS, Appellee

On Appeal from the

369TH Judicial District Court,
Anderson County, Texas

(Trial Court No. 28114)

Honorable BASCOM W. BENTLEY, III

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JEANNIE MILES, the Appellant, and files this her Brief of Appeal in the above-entitled and numbered cause.

## STATEMENT OF THE CASE

On December 12, 2014, Defendant, JEANNIE MILES' community supervision was revoked and the court sentenced her to TWO (2) years in the Texas Department of Criminal Justice State Jail Division. Defendant timely appealed.

## ISSUE PRESENTED

### POINT OF ERROR NUMBER ONE

The trial court errored in rendering judgment its verdict and sentencing Appellant to TWO (2) years incarceration because that sentence was grossly disproportionate when considered in light of other sentences for the same offense and in light of the facts and circumstances which constituted the revocation.

### STATEMENT OF FACTS

The court considered all testimony of the revocation hearing of December 12, 2014 to render its sentence.

### POINT OF ERROR NUMBER ONE RESTATED

The sentence is excessive and is grossly disproportionate to the allegations of the motion to revoke.

### SUMMARY OF ARGUMENT

Each defendant is guaranteed under the constitution of punishment free from cruel and unusual treatment. To sentence a defendant to a sentence that is disproportionately high violates the prohibition against cruel and unusual punishment.

### ARGUMENT

Both the United States Constitution and the Texas Constitution prohibit cruel and unusual punishment. US Const. amend. VIII; Tex. Const. art I sec. 13. Since there are not any distinctions between the state and federal protections against cruel or unusual punishment, an appeals court should address such claims together. See

Simmons v. State, 944 S.W. 2d 11, 14 (Tex. App. – Tyler 1996, pet. Ref'd) Davis v. State, 905 S.W.2d 664, 665 (Tex. App. – Texarkana 1995, pet. ref'd).

It is possible for a sentence to fall within a permitted punishment range and yet "run afoul of the Eighth Amendment prohibition on cruel and unusual punishment. "Solem v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L. Ed. 2d 637 (1983). The Supreme Court revised the question of disproportionate sentences in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991). In discussing Harmelin, the Fifth Circuit has stated that "disproportionality survives: Solem does not." McGruder v. Puckett, 954 F 2d 313, 316 (5th Cir.), cert. denied 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992). Under McGruder, a court must first determine whether the sentence is "grossly disproportionate to the offense." McGruder, 954 F. 2d at 316. Once the court of Appeals finds the sentence grossly disproportionate, the court then considers the remaining factors of the Solem test and compares the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. Several immediate Texas courts have analyzed proportionality claims in the manner recommended by the Fifth Circuit in McGruder. See Hicks v. State, 15 S.W. 3d 626 (Tex. App. – Houston {14th Dist. } 2000, pet. ref'd); Hernandez v. State, 10 S.W. 3d 812 (Tex. App. – Beaumont 2000, pet. ref'd); Dunn v. State, 997 S.W. 2d 885 (Tex. App. – Waco 1999, pet. ref'd) Sullivan v. State, 975 S.W. 2d 755, 757 (Tex. App. – Corpus Christi 1998, no pet.); Puga v. State, 916 S.W. 2d 547, 549-50 (Tex. App. -

San Antonio 1996, no pet.); Matthews v. State, 918 S.W.2d 666, 668-69 (Tex. App. – Beaumont 1996, pet. ref'd) an Lackey v. State, 881 S.W. 2d 418, 420-421 (Tex. App. – Dallas 1994, pet ref'd). The Eighth Amendment proscribes grossly disproportionate sentences, even sentences that fall within the statutory range of punishment. Jackson v. State, 989 S. W. 2d 842, 845-46 (Tex. App. – Texarkana 1999, no pet).

Appellant was on probation for the felony offense of POSSESSION OF CONTROLLED SUBSTANCE.

Appellant plead true to the allegations contained in the State's Motion to Revoke, but her punishment was grossly disproportionate to the crime. An individual may be sentenced for a state jail felony and shall be punished by imprisonment in the institutional division for a term of not more than TWO (2) years and not less than 6 months, and in addition to the imprisonment, may be assessed a fine.

The sentence of TWO (2) years' incarceration is grossly disproportionate.

In terms of other State Jail revocations, the facts which made up the gist of the case now before this Court, when considered in conjunction with her absence of criminal activity over the last ten years **(CR Vol. 1, page 4)** in addition, her absence of drug abuse **(CR Vol. 1, page 15),** this Court must conclude that the punishment assessed, the sentence of TWO (2) years' confinement is grossly disproportionate to the other allegation of other Motions to Revoke.

Accordingly, this Court must proceed to the next two steps in the McGruder analysis: (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. Appellant's punishment is excessive.

Punishment for the worst possible scenario cannot exceed a TWO (2) year sentence. Appellant was sentenced to the maximum (CR Vol. 1, page17). Simply stated, the punishment assessed against Appellant, while legally within the range of punishment available to the Court, exceeded what was right and fair. Two years' confinement in State Jail is not proportionate for the allegations contained in the Motion to Revoke in this situation and under these facts and circumstances. Accordingly, the sentence must not stand. Appellant is entitled to a new punishment hearing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court sustain the point of error raised hereinabove, and vacate the commitment to the Texas Department of Corrections State Jail remand the case for a new sentencing hearing.

Respectfully submitted,

**CARGILL & ASSOCIATES**

BY: _Mark W. Cargill_

Mark W. Cargill
SBN: 00787201
701 N. Elm
Palestine, Texas 75801
Telephone: 903/729-8011
Facsimile: 903/729-5112

*Attorney for Appellant*

## CERTIFICATE OF SERVICE

This is the certify that on February 25, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Anderson County, and all other interested parties, by hand delivery, mail, and/or facsimile and regular mail.

_Mark W. Cargill_
Mark W. Cargill

## Word Count

On this 25th day of February, 2015, I, Mark W. Cargill, hereby certifies that this brief has a word count of __1472__.

_Mark W. Cargill_
Mark W. Cargill